Jones, J.
concurred. A number of various discordant adjudications, on this point, are to be found in the books; and the line betwixt express and implied reservations is not yet precisely drawn. The first case is 11 E. 3. Ass. 6. 10 E. 4. 18. per Littleton. If I lease land for years, rendering rent to me, without mentioning my heirs, still they shall have it; for it is annexed to the reversion. Mayle denies this 27 H. 8, 19 per Audly. If rent be reserved on a lease *101 for years to the lessor, without saying during the term, or to the heirs; they shall not have it; for the reservation is the source of the rent; and it may be reserved *determinable for life. Dyer 45 is like this. But there is a very narrow distinction, viz. where rent is reserved generally, it shall go to the heir; but when it is to the lessor, the heir shall not have it. Yet this is only when the words during the term are omitted. Here it is reserved annuatim during the term to the lessor. 8 Rep. 70. Whitlock's case, The other words are only to shew to whom and how the rent is to be paid. In Mallorie's case if the rent had been to be paid to the Abbot or his successors, it would have been bad: For it shall be only to the Abbot himself; But when he reserves it annuatim it is otherwise. I am therefore for the plaintiff.
Doderidge, J.
cited 11 E. 3. Browning and Boston's case, Commentarys 21 H. 7. 10 H. 7. I think that the rent does not continue after the lessor’s death. The words of the demise are the words of the lessor; therefore he shall have recompense; but the reservation is his act; and it shall be taken strictly against him. He has limitted the rent to be paid to himself: the law shall not extend it beyond him; for he has abridged and curbed its limitation. Mallory's and Whitlock's case cannot govern this. There the lessee had not his election to pay to the Abbot or his successors; and it seems that even if he had, he should pay to his successors. I rather deliver now my present opinion than give a judicial decision.
Crew, C. J.
The rent ought to be paid annually to the lessor and his assigns.
On another day, absente Doderidge, J. Judgment was entered for the plaintiff.
Dyer 114. Placit. 60. Covenant to pay quit rents during the term, without mentioning his heirs or executors; the executors are not bound to pay. Nota. It was agreed by all, that no costs are payable in a scire facias. 3 Bulstr. 326. Bendl. 188. 159. 3 Rol. 1. 451.